1816.

DEPEYSTER
v.
GRAVES.

### DEPEYSTER *against* GRAVES and others.

If all the defendants are implicated in the same charge, the answer of all will, in general, be required, before an injunction will be dissolved; but if the defendant on whom the *gravamen* of the charge rests has fully answered, that may be sufficient; but where the answer of all the defendants can and ought to come in, yet if the plaintiff does not take the requisite steps, with all reasonable diligence, to expedite his cause, the injunction may be dissolved.

As where an injunction had been granted to stay a suit at law, and some of the defendants have answered, but the plaintiff has neglected, for nine months, to take any steps to compel the other defendants to appear and answer, or to have the bill taken *pro confesso* against them, the injunction was, on motion, dissolved.

*June* 15th.

[ * 149 ]

THE bill was filed the 27th of *February*, 1815, against *Graves* and four other defendants, for an account and set-off. *Graves, Armitage,* and *Sharp,* three of the defendants, put in their answers on the 21st of *September* last, since which there had been no proceedings on the part of the plaintiff. *Worrall & Williamson,* the other two defendants, have been, and still are, residents in *England,* and the plaintiff had taken no steps to compel them to appear, and answer, or to have the bill taken *pro confesso* against them.

A motion was now made, on the bill, and the answer of the three defendants, to dissolve the injunction, and that the bill be dismissed.

*T. A. Emmet,* for the defendants. He cited 1 *Har. Ch. Practice,* by Newland, 315, 316. 548.  *Wyatt's Prac. Reg.* 178.   2 *Fowler's Excheq. Practice,* 27.  1 *Fowler's Excheq. Practice,* 322.   9 *Vesey, Rep.* 512.

*Peter A. Jay,* contra.  He cited *Dickens, Rep.* 691.   2 *Anst. Rep.* 366.

THE CHANCELLOR.  The general rule is, that an injunction properly granted is not to be dissolved until the answer of all the defendants has come in. (*Wyatt's P. R.* 234. But this rule has exceptions, and is subject to discretion and modification.   If both the defendants were implicated in the same charge, I should require the answer of both, without some special reason to the contrary.   If, however, the defendant on whom the real *gravamen* rested had fully answered the bill, this would probably be sufficient, and in many cases the injunction will be dissolved, as against the defendants who had answered.   This was done in *Joseph* v. *Doubleday;*
118

(1 *Ves. & Beame*, 497.) and in other cases, where the answer of all can and ought to come in, the injunction will be dissolved, if the plaintiff does not take the requisite steps, with all reasonable diligence, to expedite his cause. Here has been a delay of nine months, *since the answer of the three defendants who reside here, and who are suing at law as trustees for the creditors of the two defendants residing abroad, and they have denied all equity in the bill, as far as it rested in their knowledge or belief. The bill is not specially for a discovery, but for an account, and for the allowance of a set-off, which, if allowable at all, would seem to be equally so in the action at law. No steps have been taken in respect to the absent defendants, and no excuse offered for the neglect. There is a want of due diligence in the plaintiffs, since the obtaining of the injunction, and that is always a cause for dissolving it. (17 *Vesey*, 281.)