## Case No. 11,606.

### READ v. CONSEQUA.

[4 Wash. C. C. 174.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1821.

INJUNCTION—BEFORE ANSWER—MOTION TO DISSOLVE—WRITS—SERVICE—PRO CONFESSO.

1. A bill for an injunction to stay proceedings in a suit at law, accompanied with the usual affidavit, was filed in 1816 against the defendant, a Hong merchant of Canton. The court ordered that the service of the subpœna on the defendant's attorney in the action at law should be deemed sufficient, and the injunction was granted.

[Cited in Sawyer v. Gill, Case No. 12,399; Cortes Co. v. Thannhauser, 9 Fed. 228; Crellin v. Ely, 13 Fed. 423.]

2. After five years a motion was made to dissolve the injunction, absolutely, without an answer. Held, that the motion was unprecedented. If the injunction be granted until further answer and further order, which is the usual form, it is never dissolved until the answer comes in; even although the defendant should live abroad.

[Cited in Kneedler v. Lane, 45 Pa. St. 327.]

3. Quære, when the court will order the money claimed by the plaintiff in a suit at law paid into court, and continue the injunction.

4. The court will not permit the answer of the attorney of the defendant in the suit at law, to be filed as a substitute for the answer of the defendant himself.

5. An amendment of a bill upon which an injunction has been granted before answer filed, particularly if filed within a short time after filing the original bill, will not affect the injunction granted on the original bill.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

6. Where the injunction is continued to the hearing, the court will not dissolve it if it appears that the plaintiff has been guilty of intentional delay in prosecuting the cause. Because, it would be most unreasonable to apply this rule to a case where the defendant resided abroad, beyond the reach of the process of the court, otherwise than as he may be affected by the service of it upon his attorney at law under a special order of the court. The bill has remained unanswered for five years since it was filed, and four years since the order of the court that service of the subpœna upon the attorney at law should be deemed sufficient.

[Cited in Bradley v. Reed, Case No. 1,785; O'Hara v. McConnell, 93 U. S. 153.]

7. It is further proved that copies of the bill have been forwarded to the defendant at Canton, not only by his attorney at law, but by the plaintiff in equity, and that sufficient time has since elapsed for his answer to have been transmitted to this court. But, as it does not appear that an appearance has been entered by that attorney, or that a pro forma attachment has been served upon him, it would be irregular to take the bill pro confesso.

This case came before the court upon a motion to dissolve the injunction granted on the 24th day of April, 1821, and a rule obtained by the plaintiff to show cause why the bill should not be taken pro confesso. The bill was filed with an affidavit and prayer for an injunction in November, 1816, soon after the action at law, sought to be enjoined, was brought. It states, in substance, that after the plaintiff had given to the defendant, a Hong merchant at Canton, the notes on which the suit was brought, he placed in the hands of Mr. Benjamin C. Wilcocks, the agent and attorney in fact of the defendant, various funds to a considerable amount, with directions to apply the same towards the discharge of the said notes, and which the plaintiff charges were sufficient for that purpose. Amongst other matters charged in the bill, it is stated that the plaintiff, Benjamin C. Wilcocks, J. S. Wilcocks, and Richard H. Wilcocks, having purchased the ship Sally, which they held in certain proportions, it was agreed between them and the defendant to put a cargo on board of her, to the value of about $46,000, one fourth of which belonged to the plaintiff, one fourth to the defendants, and the other half to the three Wilcocks's, and that the plaintiff, for the purchase of the cargo, was in advance for the other owners more than $3,000. The cargo was consigned to the plaintiff, as super cargo, and he proceeded with the ship and cargo to Batavia, where he sold part of the latter for about $27,000, which he remitted to Benjamin Wilcocks in Philadelphia. Other parts were sold, and the proceeds invested by him in other articles, which he brought in the Sally to Philadelphia, where he settled with Benjamin C. Wilcocks as part owner, and as agent of the defendant, all his accounts in his character of supercargo. Part of the cargo brought to Philadelphia was sold there; and except another part, which was divided amongst the owners, the residue

was shipped to Madeira and to Canton, for account of the owners. The proceeds of the latter shipment were received by the defendant. The bill further states that the plaintiff afterwards assigned his interest in the Sally and cargo, then on a voyage to St. Petersburg and to Canton, to the defendant, by an arrangement made with the said Benjamin C. Wilcocks in Philadelphia, to secure any balance which might be due from the plaintiff to the defendant; but the defendant was to be at liberty to take the same, upon the arrival of the ship at Canton, at cost, or to reject it; that the ship, with a cargo on board, instead of proceeding from St. Petersburg to Canton, returned to Philadelphia, and the whole of the plaintiff's interest in the said cargo remains unaccounted for. The bill charges that the said B. C. Wilcocks was the attorney in fact or agent of the defendant, and that as such, he had received from the plaintiff's funds, and paid over to the defendant, large sums of money; and the charging, as well as the interrogating parts of the bill, are principally directed to those points with a view to a discovery. On the 19th of May last, the court gave leave to the plaintiff to file an amended bill, without prejudice to the injunction, the principal object of which seems to be to discover whether Benjamin C. Wilcocks, although he might not have been regularly constituted the defendant's attorney, was not in some way or other authorized by the defendant to collect his debts, and as his agent, to bind him by his acts in relation thereto. It does not vary, in any material degree, the case as stated in the original bill. During the last session of this court, a commission to Canton, which had issued on the part of the plaintiff, was returned, containing the deposition of Benjamin C. Wilcocks, taken upon interrogatories propounded by the plaintiff. The witness denies that he ever was the attorney in fact of the defendant, or that he acted as such, and the deposition throughout was relied upon by the defendant's counsel as disproving the equity of the bill. The affidavit of John Gibson was filed in the cause, stating that in September, 1820, he, as the agent of the plaintiff, took with him to Canton a copy of this bill, which, in that or the succeeding month, he delivered to the defendant, but that no answer was sent by him upon his return; and he adds, that there were then many American vessels at Canton, which have since arrived at different ports in the United-States. The answer of the attorney at law and in fact of the defendant was read, and an offer made to swear to it, but no answer of the defendant, or affidavit of any kind, was filed.

Charles J. Ingersoll, for defendant, insisted upon the following points:

(1) That the plaintiff having confessed judgment to the amount of the defendant's claim, the court ought not to continue the injunction, except upon the terms of his paying into court the sum so acknowledged to be due. Sherwood v. White, 1 Brown, Ch. 452; Cully v. Hickling, cited in 2 Brown, Ch. 14; Weshet v. Carnevalli, cited in 1 Cox, Ch. 330; Cotes v. Lindsay, 1 Dickens, 352; Potts v. Buer, 1 Cox, Ch. 330; Whitmore v. Thornton, 3 Price, 241; Eden, Inj. 112, 113, 115, 116. (2) The injunction was dissolved of course by the amended bill; and the reservation that it should be without prejudice to the injunction, ought not to keep it alive, as leave to amend was given without due notice. 3 Anstr. 651; Wattleworth v. Pitcher, 2 Price, 189; Bliss v. Boscawen, 2 Ves. & B. 102; Eden, Inj. 121; 2 Dickens, 536. (3) The plaintiff not having taken the proper steps to have the bill answered is always a good cause for dissolving the injunction. 2 Johns. Ch. 148. (4) There is no ground of equitable jurisdiction stated in the bill, and upon this ground the court will dissolve at any time without answer. 4 Johns. Ch. 28, 30, 173; 2 Hen. & M. 8. The matter of the bill is not account, but set off. Dinwiddie v. Bailey, 6 Ves. 136. (5) The court will dissolve on the answer of the agent of the defendant. Bayley v. De Walkiers, 10 Ves. 441; Harding v. Harding, 12 Ves. 159. (6) The court will dissolve upon an affidavit denying the merits of the bill; and in this case the deposition of Benjamin C. Wilcocks, the plaintiff's witness, disproves every material charge.

Gibson & Rawle, for plaintiff, stated that the defendant's solicitor was informed verbally of the motion to file the amended bill, and was besides in court when it was made. They contended that the equity of the bill was not fully denied by the deposition, and if it were, still the answer was important. That the court will never dissolve, without answer or affidavit; and that the cases cited as to bringing the money into court. do not apply to the present, where the judgment was confessed by order of the court, and especially where neither an answer nor affidavit is filed. 2 Har. (Del.) 174; 2 Madd. 283; 4 Johns. Ch. 547.

WASHINGTON, Circuit Justice. The bill in this case was filed in the year 1816, with a prayer for an injunction, and the usual affidavit verifying the truth of the allegations contained in the bill; and an order was at the same time obtained, that service of the subpoena upon the defendant's attorney in the action at law, should be deemed sufficient, the defendant himself residing abroad. After an interval of nearly five years, the injunction was moved for, and granted for want of an answer, the attorney of the defendant having acknowledged service of the subpoena in April, 1817. The motion which is now made to dissolve the injunction absolutely, without the an-

swer of the defendant being filed, is altogether unprecedented. If the injunction be granted till answer and further order, which is the usual form, it is never dissolved until the answer comes in, even although the defendant should live abroad, and the motion is accompanied by an affidavit to support it. Snow v. Cameron, 1 Fowl. Exch. Prac. 282. In this respect, the practice of the court of chancery, and of the court of exchequer in England, is the same.

It is stated in a late treatise by Mr. Eden on the Law of Injunctions (page 325), that the form of granting injunctions at present, used, and which was established by Lord Eldon, is, "till answer or further order," which allows the defendant, if necessary, to move to dissolve before answer filed. But in that case, the motion must be accompanied by an affidavit denying the merits of the bill. The uniform practice in this court has been to require an answer. We do not say however that the court might not under particular circumstances grant the injunction until answer or further order; and in that case listen to a motion to dissolve upon an affidavit of the defendant, denying the equity of the bill.

In support of the motion to dissolve this injunction, unless the sum confessed by the judgment is paid into court within a limited period, many cases have been cited from late English reports, none of which however seem to me, to be applicable to the present case. After the injunction is granted for want of an answer, this order is seldom, if ever made; except where the merits of the bill, being so far confessed by the answer, as to render a dissolution of the injunction improper, it is continued to the hearing. In such case, the court will direct the money found to be due to the defendant, by a verdict, or an award, or what the answer swears to be due, to be paid into court, or that satisfactory security for the same should be given, and will order the injunction to stand dissolved unless the condition is complied with. But to ground such an order, we hold it to be absolutely necessary that the sum so ordered to be paid should have been ascertained in one of the three ways above mentioned; and further, that the defendant should have answered the bill, or at least have filed an affidavit denying the merits stated in it. Eden, 112. As to the practice of receiving an affidavit in lieu of an answer upon a motion of this kind, it would seem to be of modern date in England, and to have been adopted for the purpose of checking the delay and oppression complained of in respect to injunctions to stay proceedings at law, where the plaintiff resides abroad. Eden, 116, 117. Upon examining the cases cited by Eden (page 117), which have also been mentioned at the bar, it appears that in all of them an affidavit, denying the merits of the bill, was required by the court.

To dispose of this motion then, it would be quite sufficient to observe, that it is not founded either upon the answer or affidavit of the defendant; and what renders the case peculiarly unfavourable to this application is, that the defendant has had an abundance of time to file an answer or an affidavit, in case there should have been an insuperable difficulty in getting the dedimus potestatem executed at Canton; which, by the by, is not even urged by his counsel as an excuse for the apparent contempt in which the defendant has placed himself. In such a case, nothing short of the defendant's answer ought to satisfy the court, since it would not be uncharitable to suspect that he has his own reasons for declining to answer. As to the affidavit of Benjamin C. Wilcocks, and the answer of the defendant's attorney, which he offers to file, we have only to remark, that neither of them proceeds from the defendant. The object and the equity of the bill are to obtain a discovery from the defendant, whether Benjamin C. Wilcocks was not, in some way or other, authorized by him to collect his debts in the United States, and to bind him by his acts; and whether the defendant has not received from his said attorney or agent large sums of money on account of the plaintiff, sufficient to discharge the notes upon which the action at law was brought, in whole or in part? The bill charges that Mr. Wilcocks was the attorney or agent of the defendant, and that such sums were received by him as the defendant's attorney, and further, that the accounts respecting the cargo of the Sally or Pegou remain unsettled, and it prays generally for an account. The denial of these charges by Mr. Wilcocks, cannot dispense with the discovery which the plaintiff has a right to require from the defendant, and which no person can so properly make. If the defendant should acknowledge the agency of Mr. Wilcocks, the deposition of the latter as to that matter will go for nothing, and then the case will resolve itself into one to be submitted to the auditor to take an account.

As to the answer of the defendant's attorney, it is still less satisfactory than the affidavit, inasmuch as it is, in a great measure, founded upon the facts stated in the affidavit; the gentleman who offers it not pretending to be so informed personally of the matters charged in the bill, as to enable him to make the desired discovery. If, in short, the case came now before the court, even upon the answer of the defendant, it would be a measure of great rigour to dissolve the injunction absolutely, or even conditionally, upon payment into court of a sum of money for which, by the order of the court, the defendant was compelled to confess judgment, for the defendant's security, unless the answer contained a full denial of all the merits of the bill, or sworn to a particular sum as being due to the de-

fendant. At all events, the order which the court might make in such a case would depend very much upon the complexion of the answer itself.

It was contended that the injunction was dissolved, of course, by the filing of the amended bill, notwithstanding the order of the court that the injunction should not be thereby prejudiced; because, as the ·counsel has stated, he was not duly notified of the motion. The plaintiff's counsel is very positive, that the counsel of the defendant was in court at the time the motion was made; and although a notice in writing was not served, we presume that the court was satisfied upon the point of notice. After all, the amendment of the bill before answer, and particularly when it was made within so short a time after the injunction was granted, would not have produced the effect contended for, even without the saving.

Another ground urged for dissolving the injunction is, that there is no equity in the bill. To this there are two answers: (1) That this is a bill seeking for a discovery of facts, to enable the plaintiff to defend himself at law; if the court, instead of requiring, as a condition upon which the injunction was granted, that the defendant should confess judgment, had merely enjoined the issuing of an execution, the case stated in the bill is proper for an account; and the injunction was granted for want of an answer. (2) If the bill does not state a case proper for the equitable jurisdiction of the court, the objection should be presented in the form of a plea of demurrer, and not upon a motion to dissolve the injunction.

Another ground for this motion is, that the plaintiff has not prosecuted the cause with due diligence, so as to bring the defendant into contempt for not answering the bill. Where the injunction is continued to the hearing, the court will dissolve the injunction, if it appears that the plaintiff has been guilty of intentional delay, in prosecuting the cause. But it would be most unreasonable to apply this rule to a case where the defendant resides abroad, beyond the reach of the process of the court, otherwise than as he may be affected by the service of it upon his attorney at law, under a special order of the court. In such a case the delay in the prosecution of the cause is not imputable to the plaintiff. On the contrary, the defendant may be brought into contempt, if within a reasonable time he does not answer the bill; and it is the duty of his representative in court to obtain his answer. We have satisfactory evidence in this case that the attorney of the defendant, upon whom the process was served, has performed this duty; as it appears by the affidavit of Mr. Gibson, that a copy of the bill had been transmitted by him to Canton before the one which the plaintiff sent, and which the same witness delivered to the

defendant. The motion for dissolving the injunction, therefore, is overruled.

We feel more difficulty in deciding upon the motion of the plaintiff, that the bill should be taken pro confesso. It has remained unanswered for five years, since it was filed, and four years since the order of the court that service of the subpoena upon the attorney at law, should be deemed sufficient. It is further proved that copies of the bill have been forwarded to the defend-ant, not only by his attorney at law, but by the plaintiff in equity, and that sufficient time has since elapsed for his answer to have been transmitted to this court. But, as it does not appear that an appearance has been entered by that attorney, or that a pro forma attachment has been served upon him, it would be irregular to take the bill pro confesso. This motion therefore, must, for the present, be overruled. But it may be renewed at the next session of the court, upon affidavit of the service of this process.

[Both motions were renewed and again overruled by the court. Case No. 11,607.]