BRADLEY (MONROE v.). See Case No. 9,-713.

___

## Case No. 1,785.

BRADLEY et al. v. REED et al.

[12 Pittsb. Leg. J. 65; 2 Pittsb. Rep. 519.]

Circuit Court, W. D. Pennsylvania.

INJUNCTION — PROCEDURE — WAIVER OF NOTICE—
WASTE — INJUNCTION TO PREVENT — VENDEE IN
POSSESSION — MORTGAGOR IN POSSESSION — TEN-
ANT IN COMMON—DISSOLUTION—LACHES.

1. Notice, previous to motion for an injunction, required by 5th section of the act of congress, 2d March, 1793 [1 Stat. 334], may be waived by appearance and filing answer.
[See Marsh v. Bennett, Case No. 9,110; Thayer v. Wales, Id. 13,871.]

2. As a general rule in the practice of courts of equity, nothing can be read on such motion but the answer, and if the answer denies the equity of the bill, the injunction will be dissolved.

3. Waste is an exception, upon the ground that an irreparable mischief would ensue, and the court will interpose to prevent it.

4. To show waste, affidavits are admissible, even after answer filed.

5. A court of equity will not permit a vendee in possession, with the great bulk of the purchase money due and unpaid, to cut and take away timber, and thus diminish the security of the vendor.

6. So also, an injunction lies against a mortgagor in possession, to stay waste. The court will not suffer him to prejudice the security.

7. Since the statute of Westminister II., giving one tenant in common a legal remedy against his co-tenant, courts of equity have interposed to prevent waste and preserve the corpus of the estate until partition.

8. Pending a bill in equity, one tenant in common will not be permitted to strip the land of its timber. It is an injury recognized by law, and the remedy by injunction is applicable to every species of waste.

9. Courts of equity will dissolve an injunction where it appears that the complainant has been guilty of intentional delay in prosecuting his cause.

In equity. This is a bill [by James Bradley and others against William Reed and Joseph Hyde and others] claiming title to eleven thousand acres of land in Elk and Jefferson counties, and praying an injunction to stay waste. The land is of great value on account of the timber. The injunction was granted on filing the bill. Respondents' counsel moved to dissolve it. [Motion denied.]

Marshall & Purviance, for the motion.
Geo. P. Hamilton, contra.

McCANDLESS, District Judge. Although this injunction issued without the previous notice, required by the 5th section of the act of congress of 2d March, 1793 (Brightly, 256), it was admitted, at the argument, that the irregularity was cured by an appearance and filing the answer. What we have now to consider, is not the question of title, which has been elaborately and ably argued, but whether, with the lights before us, we would grant a preliminary injunction.

This is an application by one tenant in common charging his co-tenant with waste. As a general rule in the practice of courts of equity, nothing can be read on such a motion but the answer. If the writ has issued, and the answer, when filed, denies the equity of the bill, the injunction will be dissolved. But there are many cases where this rule does not prevail. Waste is one of them; and the exception to the rule is upon the ground, that an irreparable mischief would

ensue, and the court will prevent that irreparable mischief by its interposition. 2 Pars. Eq. Cas. 96. The affidavit of Mr. Lucas was received, not to prove title, but waste; and this, according to the uniform current of decisions, was admissible. As to who has the better title is to be determined when the proofs are in, and upon the ultimate hearing. At present, the affidavit is only material in this, that it shows by a letter from Reed to Breedin, dated the 24th May, 1864, "that I, (the respondent) have employed hands to cut timber, upon the warrants, not embraced in the lease to Rhines and Carman."

Assuming that the answer exhibits such an equitable title, as would authorize a chancellor to decree a specific performance, the respondent is a vendee in possession, with the great bulk of the purchase money due and unpaid. A court of equity will not permit him to diminish the security of his vendor until he is paid. The principal part of this is the mortgage for $40,000, presently due, and the mortgagee could intervene, as Chancellor Kent says, in 2 Johns. Ch. 148, against a mortgagor in possession to stay waste. The court will not suffer him to prejudice the security. Independent of this, although at common law one tenant in common had no legal remedy against his cotenant for waste, since the statute of Westminister II. (13 Edw. I. c. 33), giving such redress, courts of equity have interposed to protect the corpus of the estate until partition. As was said in Hawley v. Clowes, 2 Johns. Ch. 122, "Lord Eldon admitted the propriety and necessity of this power in the court between tenants in common where the waste was destructive to the estate, and not within the usual and legitimate exercise of power."

Here is a bill filed, claiming, not partition, but title. By the respondents' answer, they are admitted tenants in common and "pending the suit, it appears extremely fit, that the tenant in common in possession should not be permitted to strip the land of its timber." The peculiar value of the land in controversy is the timber, and if between this date and the final hearing, the respondents were permitted to fell trees. convert them into lumber, and raft them to market, it would greatly diminish that value. It is, therefore, an injury recognized by law, and the remedy by injunction is applicable to every species of waste, it being to prevent a known and certain injury. And this remedy is peculiarly proper pending a bill to try the title to this very land. This injunction must therefore be continued until further order. But the complainants are admonished that the court will, on motion, dissolve it, if it appears in the future that they have been guilty of intentional delay in prosecuting their cause. 1 Eden, 145; 4 Wash. C. C. 174 [Read v. Consequa, Case No. 11,606].

The motion to dissolve the injunction is overruled.