The Court,
(Thruston, J.,
absent,) ordered the bill to be taken from the files, because it could not be received under the 16th Rule of this Court, it not being signed, either by the complainant or his solicitor.
The bill being taken off the files, and signed by counsel, Mr. R. J. Brent presented it again to the Court, and moved the Court to reinstate the injunction, and contended, indeed, that the amendment did not dissolve the injunction which had been granted by the judge, in vacation. Read v. Consequa, 4 Wash. C. C. Rep. 174.
The CouRt said they would receive it now as a motion for an injunction de novo.
*639 Mr. R. J. Brent, contended for three grounds of injunction, namely, accident, by which the complainant lost his legal right to supersede the judgment; the non-residence of the defendant; and his supposed insolvency; and cited, 1 Mad. Ch. Pr. 50; Barbour & Harrington, p. 26, § 1; Hodgson v. Marine Ins. Co. 7 Cranch, 332; 2 Eq. Dig. 63, 64, § 29, 451, 471, § 53; Crawford v. McDonald, 2 Hen. & Mnn. 191.
Mr. Bradley and Mr. Smith, contra, cited 2 Eq. Dig. 65, § 43; 3 Eq. Dig. 468, § 30; Dodge v. Strong, 2 Johns. Ch. Rep. 230; 2 Story, Eq. 180, 181, 182.
The case was argued again by Mr. Brent, for the complainant, and by Mr. Bradley, for the defendant.
The CouRT made the following order : “ The within bill having been filed, together with an approved injunction-bond, and also an approved appeal-bond, conditioned to prosecute with effect the complainant’s writ of error in the within bill mentioned. It is ordered by the Court, that the injunction shall issue as prayed.”