the motion of the defendants must be denied with $10 costs, to be paid by them jointly, under an order to be entered in all of the suits.

## ENSIGN vs. COLBURN and SMITH.

Where a mortgagor who had been decreed a bankrupt, and all whose interest in the mortgaged premises had become vested in his assignee in bankruptcy, was proceeding to strip the mortgaged premises of the timber, which constituted the principal value thereof, *Held,* that the mortgagee was entitled to an injunction, to restrain his proceedings; although, by the terms of the mortgage, the mortgagor was authorized to cut the timber for the purpose of having the proceeds thereof applied to the payment of the complainant's debt.

The court of chancery requires the exercise of good faith, in the performance of contracts ; and it will not allow mere technical legal rights, to be enforced contrary to equity and good conscience. Nor will it permit the exercise of such rights to be perverted to the purposes of fraud.

THIS was an appeal, by the complainant, from an order of the vice chancellor of the fourth circuit, dissolving the injunction in this cause in part, as to Colburn and Smith, two of the defendants.

*A. C. Hand,* for the appellant.

*J. Rhoades,* for the respondents.

THE CHANCELLOR. The vice chancellor was unquestionably right in supposing that the mortgagor, by the terms of the mortgage, had an unrestricted right to cut timber from the premises, even beyond the usual amount which had been manufactured at the three mills; provided he made payments in proportion, beyond the annual payments specified in the mortgage. He was also right in supposing that a mortgagee has no lien upon the timber which has been cut on the mortgaged premises, in good faith, by the mortgagor or his grantees.

This court, however, requires the exercise of good faith in the performance of contracts; and will not allow mere technical legal rights to be enforced contrary to equity and good conscience, or permit the exercise of such technical legal rights to be perverted to the purposes of fraud. In this case, the respondents who applied to the vice chancellor to dissolve the injunction do not appear to have any legal right either to the mortgaged premises, or to the timber which has been cut thereon and which has not been sold. On the contrary, the bill shows that Colburn, the mortgagor, had been duly declared a bankrupt, so that whatever interest he had in the premises is vested in the assignee. His proceedings, therefore, in cutting and disposing of the timber and lumber, appear to be wholly unauthorized; and Smith, who is apparently acting as agent, does not appear to have any legal right to the land or the lumber. The bill, in substance, charges them with a fraudulent and unconscientious attempt to strip the mortgaged premises of the timber thereon, which is the principal value of the premises, with the intention of defrauding the complainant out of his security, after the mortgagor had been decreed to be a bankrupt, and when he had no longer any hope of paying the mortgage debt, nor any interest in the mortgaged premises.

What state of facts may be presented on the coming in of the answers of these respondents, cannot now be anticipated. But, as the case now stands upon the bill and the affidavits, the proceedings of the appellant appear to be so wholly unconscientious in relation to the cutting of the timber heretofore cut upon the premises, as well as in proceeding further to diminish the value of the premises, that I think the injunction should have been retained, even as to the timber and lumber already cut; until the defendants, by their answer, show something to rebut the very strong conclusion, that their conduct, in relation to these premises, is entirely unconscientious and fraudulent, in reference to the rights and interests of the complainant. Without intending, therefore, to question the rights of a mortgagor to cut timber upon mortgaged premises whenever he can do it without committing waste, and to appropriate the timber thus cut to his own

use, provided it is not done with a fraudulent intent in reference to the mortgagee, I think the injunction in this case ought not to have been dissolved, even so far as the order appealed from dissolved it.

That order must, therefore, be reversed, and the costs of the appellant, as against these respondents, must abide the event of the suit.