Emmons and others *vs.* Hinderer.

A mortgagor will not be permitted to cut wood and timber off of mortgaged premises, to an extent calculated to render the premises an insufficient security for the mortgage debt, though the mortgagee agreed, at the time of the sale, that the mortgagor should have the right to cut the wood and convert it into timber at his pleasure.

In this case an injunction was granted by the late Chancellor, restraining the defendant from committing waste upon certain mortgaged premises in the county of Essex, and from removing from those premises certain timber and other trees felled by him thereon. A motion is now made on affidavit to dissolve the injunction.

*Mr. C. Borcherling*, for the motion.

*Messrs. Blake* and *Freeman*, contra.

THE CHANCELLOR.

The defendant purchased the premises of the complainants, in April, 1872, for $13,500, of which $3500 were paid in cash, and for the remainder a mortgage was given on the premises, payable in equal annual instalments, beginning April 1st, 1874, with interest. The interest being in arrear,

a suit for foreclosure and sale was commenced, and is pending in this court.

The evidence convinces me that the defendant has not only committed both legal and equitable waste upon the mortgaged premises, to the amount of between $3000 and $4000, but that, when the injunction was issued, he threatened and intended to strip the premises of all the wood and timber (including shade and ornamental trees), constituting a great part of their value. The improvements put by him on the premises appear to have been almost wholly ill advised, and to add but little, comparatively, to the value of the property. These improvements are subject to judgments on mechanics' lien claims to the amount of about $2000, which the defendant confessedly is unable to pay.

It appears that when his pecuniary embarrassments began, he commenced to commit the waste. He has never carried on the sawing business on the premises, but, on the other hand, has carried away all the shafts, gearing, and machinery. He has declared his intention to strip the property of all its wood, including the shade trees, to sell it " to make money ;" at the same time referring to the supposed helplessness of the complainants in the premises, saying that they were fools, and he would make them wait three years before they would get any money from him on their mortgage.

He asks for a dissolution of the injunction, on the ground of an alleged agreement between him and the complainants, on the purchase of the property, by which, in consideration of his paying $3500 in cash, on account of the purchase money, instead of $2000, as originally proposed, he should have the right to cut the wood off the premises at his pleasure, for use in the sawing business, which he intended to carry on there, and to convert it into wood and timber, as he should see fit; and on the ground that the value of the improvements put by him on the property is greater than that of the wood and timber he has taken from it, including the trees felled and lying on the premises.

If such an agreement as that insisted on, really existed, the

court would not permit its abuse to the prejudice of the mortgage creditor. *Ensign* v. *Colburn*, 11 *Paige* 503. But it is enough to say that the proof of any such agreement, in this case, is entirely unsatisfactory. As to the improvements, the evidence shows that, whatever their cost to the defendant may have been, they have added but little to the value of the property,

The defendant is insolvent. He has already committed great waste and spoil, to an extent calculated to render the mortgaged premises an insufficient security for the mortgage money.

The motion to dissolve is denied, with costs.