CHARLES W. MILES, RESPONDENT, *v.* GEORGE FRALICH, IMPLEADED WITH JOHN I. COX AND OTHERS, APPELLANTS.

*Mortgage on timber land — exception of timber upon sale of land — sale of timber thereafter subject to mortgage — lien of mortgage.*

One Cox executed to the plaintiff a mortgage, for the purchase-money of certain lands. By the mortgage Cox covenanted that the premises should not be reduced in value by the removal of any of the timber, until its value should have been paid on the mortgage. Subsequently Cox sold a portion of the land to one person and the residue to another, in each case reserving and excepting all the hemlock trees and bark. Thereafter his assignee in bankruptcy sold the hemlock trees to the plaintiff subject to the mortgage, and the same were subsequently disposed of by him for more than the amount of the mortgage.

In an action by the plaintiff to foreclose the mortgage upon the land, *held,*

(1) That the hemlock timber having been sold subject to the mortgage, and being the last of the mortgaged property sold by the mortgagor, was primarily held for the amount of the mortgage.

(2) That the sale of the timber to the plaintiff, subject to the mortgage, operated as a satisfaction thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the Special Term in an action brought for the foreclosure of a mortgage.

The defendant John I. Cox, on the 9th day of May, 1864, executed to the plaintiff a bond and purchase-money mortgage.

The mortgaged premises were a tract of 186 acres of land in the northerly part of division number twenty-three, great lot number two of the Hardenbergh patent, with this exception: "Excepting and reserving the hemlock bark on said premises, together with such privilege to procure said bark as is contained in a conveyance of the above-described premises from the said second party to the said first party to this instrument." In the mortgage Cox covenanted that the premises should not be reduced in value by the removal of any of the timber until its value should have been paid in installments of the purchase-money.

Subsequent to the recording of the mortgage the defendant Cox conveyed a portion of the mortgaged premises to Anton Engert and the residue to George Fralich.

In both the conveyances to Anton Engert and to George Fralich the hemlock trees, timber and bark upon the granted premises, with the right to remove them, were reserved, with the exception that as to the land conveyed to George Fralich sufficient timber to build a barn thirty by forty feet was to be left thereon.

The hemlock timber on the mortgaged premises was subsequently sold by the assignee in bankruptcy of the defendant Cox to Miles & Miles, of which firm plaintiff was a member, subject to the mortgage. They subsequently sold it to John R. Kellam, and the last of it was taken from the premises in the winter of 1874 or 1875. Miles received for the timber more than the face of the mortgage.

*John F. Anderson*, for the appellants. The plaintiff had a lien upon two funds for the payment of the mortgage debt, while the defendant Fralich had an interest in but one of those funds without any right to resort to the other. In such case equity will compel the creditor to take his pay out of the fund in which he alone has an interest, so that both parties may, if possible, escape without injury. (*Cheesebrough* v. *Millard*, 1 Johns. Ch., 409; *Stevens* v. *Cooper*, id., 425; *Hayes* v. *Ward*, 4 id. 123; *Everson* v. *Booth*, 19 Johns., 486; 4 Hopkins, 460; *James* v. *Hubbard*, 1 Paige, 235; *Ingalls & Stockman* v. *Morgan*, 10 N. Y., 178, 186.) The timber released by the plaintiff was primarily liable to pay the mortgage debt, not only because it was set apart as a special fund for the payment of that debt, but for the reason that it was the last of the mortgaged premises aliened by the mortgagor. (5 Johns. Ch., 235, 241; *Schryver* v. *Teller*, 9 Paige, 173; *Stuyvesant* v. *Hall and others*, 2 Barb. Ch., 151; 8 N. Y., 271.) The plaintiff will not be allowed to enforce his lien against the defendant Fralich's land without first deducting the value of the timber which has been released by him. (*Howard Insurance Company* v. *Halsey*, 8 N. Y., 271; *Stuyvesant* v. *Hall*, 2 Barb. Ch., 151; 5 Johns. Ch., 235; 10 N. Y., 178, and cases cited.) At the time the plaintiff became the purchaser of the equity of redemption in the hemlock timber in question he bought it subject to the lien of his mortgage and the legal presumption is that he only paid the value of the equity of redemption, and the property thus purchased is the primary fund for payment of the mortgage debt. (*McKinstry* v. *Curtis*, 10

Paige, 503; *Tice* v. *Annin*, 2 Johns. Ch., 125; *Weaver* v. *Toogood*, 1 Barb., 238, 243; *Cox* v. *Wheeler*, 7 Paige, 248, 257; *Matthews* v. *Aikin*, 1 N. Y., 595, 604; 15 Barb., 71; 12 N. Y., 519, 533, and cases cited.)

*J. A. Thompson*, for the plaintiff.

LEARNED, P. J.:

The mortgage from Cox to Miles was for the purchase-money. It excepts the hemlock bark on the premises, with such privilege to procure the bark as is contained in a conveyance of the premises by Miles to Cox. Although that conveyance is not produced, it is evident that Miles reserved to himself, on the sale, the hemlock bark; and the mortgage only repeats the reservation.

In the mortgage, Cox covenanted that the premises should not be reduced in value by the removal of any of the timber, until the value should have been paid in installments of the purchase-money. This covenant shows (if any proof were needed) that the exception of the bark was not an exception of the timber; and that Cox had a right, under the conveyance, as owner, to remove the timber, except so far as he restricts himself by this covenant. There is nothing peculiar in the effect of this covenant. Courts restrain mortgagors in proper cases, even without such covenants, from diminishing the security to the injury of mortgagees. (*Ensign* v. *Colburn*, 11 Paige, 503.)

After the execution of this mortgage, the mortgagor conveyed a part of the lands to Engert. In this conveyance he reserved all the hemlock trees and bark, with the right of ingress and egress to procure the same at the convenience " of the owner thereof."

Subsequently he conveyed the rest of the lands to Fralich, excepting and reserving the hemlock bark, and also all the hemlock timber, " except such parts as the party of the first part may see fit to leave, and timber sufficient to build a thirty by forty barn."

Thus, after this conveyance, the mortgagor Cox owned none of the mortgaged property, except the hemlock timber; while Engert and Fralich owned the land, but not the timber.

Subsequently, on the 12th of July, 1869, the assignee in bankruptcy of Cox, the mortgagor, sold this hemlock timber, subject to

the mortgage aforesaid. It was bought by the plaintiff for the firm of Miles & Miles, of which he was a member. The plaintiff, at this time, knew of the purchase of the land by Engert and Fralich, and of their possession thereof.

The learned justice who tried the case finds that the price was $1,000. But there seems to be no evidence on that point, except that the plaintiff is proved to have said that he had released his mortgage on the timber for $1,000, and had indorsed that amount on the mortgage. If, however, as is proved and not denied, the sale by the assignee in bankruptcy was made subject to the mortgage, a releasing of the mortgage on the timber for $1,000 was not a payment of that price to the assignee on the sale.

The plaintiff subsequently sold the timber for more than enough to satisfy the mortgage; even if we deduct from the avails the $1,000 which the plaintiff credits on the mortgage, as above stated.

Now, it is a familiar principle that when a mortgagor has conveyed a part of the mortgaged property and retains another part, the latter must first be applied to pay the debt, for the exoneration of the previous purchasers from him.

We need not inquire how this rule could, in every case, be applied to a reservation of timber on a sale of land. Because in the present instance not only did Cox, the mortgagor, reserve the timber on the sale to Engert and Fralich; but his assignee in bankruptcy sold it as a thing distinct from the land, and the plaintiff bought it in the same manner. He cannot say, therefore, that the timber could not be thus severed. For he assumed to purchase the timber as distinct from the land. Furthermore, he bought the timber subject to the mortgage. Thus he acknowledged that the timber was subject to the mortgage, and he knew that Engert and Fralich had bought and were in possession of the land.

Having, therefore, subsequently sold the timber thus purchased for more than the amount of the mortgage, the avails of such sale must first go to satisfy this mortgage, for which it had become the primary fund.

Furthermore, as the plaintiff bought the timber subject to the mortgage, he is presumed to have paid only its value, less the lien of the mortgage, and such a purchase again makes the timber the primary fund for the payment of the mortgage. As the plaintiff

owned the mortgage. And bought the timber subject to the mortgage, this operated as a satisfaction of the mortgage; without reference to the amount for which the plaintiff subsequently sold the timber.

The answer of the plaintiff to these familiar doctrines is that the mortgage was never a lien on the timber, because the hemlock bark had been reserved. This is not the true construction of the mortgage. The bark was probably reserved by Miles in his conveyance to Cox. But, 1. The covenant by Cox not to remove the timber shows that he was the owner, and that the timber was a part of the mortgage security. 2. The sale by the assignee and the purchase by the plaintiff, subject to the mortgage, shows that the timber was so subject. 3. The release by the plaintiff of the timber from the mortgage shows that he claimed that the timber was subject to the mortgage.

For the reasons above stated the judgment must be reversed and a new trial granted, costs to abide the event.

BOARDMAN, J., concurred.

BOCKES, J., dissented.

Judgment reversed and new trial granted, costs to abide event.