(8 Misc. Rep. 384.)

## CAHN v. HEWSEY.

(Superior Court of New York City, Special Term. May, 1894.)

1. FIXTURES—PAINTED CEILING.
   Pictures, painted on canvass, and cemented to the ceiling, are fixtures, and are subject to the lien of a mortgage on the building.
2. INJUNCTION AGAINST WASTE—RIGHT OF MORTGAGEE.
   A mortgagee may maintain an action to restrain waste of the mortgaged premises, though the mortgage debt is not due.

Action by Isaac Cahn against Mary S. Hewsey to enjoin waste by defendant on premises mortgaged by defendant to plaintiff, whereby the mortgage security would be impaired. Plaintiff moves to continue a temporary injunction. Granted.

Nathan, Sondheim & Sondheim, for the motion.

Pavery & Zaring, opposed.

McADAM, J. On February 28, 1894, plaintiff conveyed to the defendant a lot and private residence known as "No. 1045 Fifth Avenue," in the city of New York, for the consideration of $80,000, subject to a first mortgage of $40,000, then a lien on the premises, and the balance of the purchase money was paid by the execution of a consideration money mortgage on said premises of $20,000, and the execution of another mortgage on Brooklyn property for a like amount. At the time of the said conveyance and delivery of the mortgage, there were contained in the premises five certain ceilings, consisting of hand-painted canvas, firmly cemented and affixed to the building. The ceilings were painted by one Mr. Dupounais, who has since died. They were costly and handsome, and enhanced the value of the premises. The question involved is whether this painted canvas so affixed forms part of the realty, or whether it is personalty, and not covered by the mortgage. The defendant, regarding the painted canvas as personalty, proposes to detach it from the ceiling, and has advertised it for sale at auction with her household effects. The defendant calls the painted canvasses "tapestries." The subjects represented thereon are such as "Arts and Science," "Music," "Spring," "Winter," etc. Defendant claims that they are ornamental annexations, affixed for the purpose of rendering the occupation of the house more convenient or its appearance more pleasing; that they are articles of personal comfort or pleasure, occupying the same relation to the ceilings that pictures and panels do to the walls, and rugs and carpets do to the floor. Plaintiff, on the other hand, insists that the canvas paintings were affixed to the ceilings so as to become part and parcel of the realty, not capable of being removed except by defacing the ceilings and injuring the realty. At the time of the conveyance by the plaintiff to the defendant, a schedule of the personalty in the house which was passed by the deed was made, and forms part of the contract of sale. In it were specified with great particularity all the articles of personalty which were to go to the defendant, and the canvas paintings or tapestries do not

appear therein. It would therefore seem that if the canvas paintings or tapestries are personalty, and not part of the realty, they did not pass by the deed to the defendant, and the title thereto is still in the plaintiff, and the defendant has no authority whatever to dispose of them. Regarding them, however, as realty, they passed by the deed, and are covered by the mortgage. This circumstance is material, as showing that the parties themselves regarded the canvas paintings or tapestries as realty, and this intention should be respected. If title passed by the deed to the defendant, it is clear that they are embraced in the mortgage which was given back for part of the consideration money (8 Am. & Eng. Enc. Law, 50); for the same rule respecting fixtures prevails between mortgagor and mortgagee as between grantor and grantee (Snedeker v. Warring, 12 N. Y. 170; Laflin v. Griffiths, 35 Barb. 58; Robinson v. Preswick, 3 Edw. Ch. 247). Considering them, therefore, as embraced in the mortgage, the mortgagee is entitled to maintain the present action for injunction to prevent waste (3 Wait, Act. & Def. 699; Thomas, Mortg. 52; Jones, Mortg. § 684; Ensign v. Colburn, 11 Paige, 503); and this remedy may be invoked even before the mortgage is due (Salmon v. Clagett, 3 Bland, Ch. 125). The inquiry is whether there is damage done which injures the reversion. This injury may be immediate, though the enjoyment of the reversion is postponed. Agate v. Lowenbein, 57 N. Y. 614. Such an injunction was granted by Chancellor Kent in Brady v. Waldron, 2 Johns. Ch. 148. There was no suit pending for a foreclosure. The chancellor said: "An injunction lies against a mortgagor in possession to stay waste. The court will not suffer him to prejudice the security." The same rule was followed by Vice Chancellor Edwards in Robinson v. Preswick, 3 Edw. Ch. 247, and the authority of these cases has never been questioned. In this connection the distinction between an equity suit for an injunction and the strict "action for waste" at common law must be observed. As the removal of the canvas paintings or tapestries would injure the freehold, their removal would constitute waste; and it appearing that the injury would be a serious one, and that the security of the plaintiff may be inadequate after such removal, injunction will certainly lie. Property valued at $80,000, and mortgaged for $60,000, may be considered heavily incumbered; for no prudent capitalist or institution in the habit of loaning money would be apt to lend as much as $60,000 on such property, particularly if it was known that the canvas paintings and tapestries were to be removed, and the ceilings left in the disfigured state which such removal would necessarily cause. The canvas paintings or tapestries, having been annexed in a manner which indicates that they were to be of a permanent character, are evidently not "movables" nor "personalty," within the meaning of the law; indeed, they answer every one of the tests laid down as a means of distinguishing fixtures from movables. Voorhees v. McGinnis, 48 N. Y. 278. And see 8 Am. & Eng. Enc. Law, 43.

In a carefully considered English case (D'Eyncourt v. Gregory, L. R. 3 Eq. 382) it appeared that a life tenant of premises left a will

bequeathing various articles that he had placed in the house, and the question arose as to whether certain articles were fixtures belonging to the house, or movables passing under the will. One of these things was a portrait in oil, painted on canvas, which was placed on stretchers, which were inserted in the brickwork of the wall of the room, and moldings were then placed around so as to make a panel picture. There were also tapestries, each on wooden stretchers, attached by screws and nails to blocks or plugs of wood inserted in the brick wall, in a similar manner as in the case of the portrait. Painted wood moldings were then placed around the face of the tapestry, and the nails or screws were stopped in and painted over. It was proved that the tapestries could be very easily removed, and the moldings replaced, without material damage to the walls or paneling of the room. It was also shown that the room had enriched panels in the style of Louis XIV., and that, if the panels from which the tapestries were removed were ornamented in the same style, it would make a perfectly complete apartment, so far as the walls were concerned. Lord Romilly, M. R., decided that the tapestries and the portrait were both fixtures belonging to the realty, giving his opinion as follows:

"The first of these which I think proper to mention is the tapestry which was put up by the testator. It is clear that the testator could not have disposed of paper affixed to the walls, nor, if he had used silk instead of paper for lining the walls, could he, in my opinion, have removed the silk. So, if the testator had covered the walls of the house with paneling, he could not, in my opinion, have removed the paneling, and have left the walls bare. If he caused them to be painted in fresco, he could not have removed the paintings; and I think, if he had caused the panels to be painted, he could not have removed the painting any more than if he had put in panels already painted and fixed them close to the wall. In all these cases I think they must be considered to be fixtures, not removable by the tenant for life. Although the mode of fastening was not as complete as if the tapestries were actually affixed to and inseparable from the walls themselves, which, I apprehend, is never done, still I think they must be treated as part of the wall itself, and, by so placing them [the testator] deprived himself of the power of removing them. In the same class with these tapestries is the portrait of Lady Williams. * * * In all these cases, whether it is the paper or the satin or the panels or the tapestry, they are all part of the wall itself, and they are fixtures not to be removed."

It follows that the motion to continue the injunction must be granted.