WILLIAM J. Fox, Plaintiff, *v.* Domino Lumber Company, Defendant.

(Supreme Court, Allegany County, October, 1921.)

Foreclosure — mortgages — when cut timber becomes personal property free from the lien of the mortgage.

Where a mortgagor reserves the right to cut any or all standing timber upon the premises, the mortgagee upon foreclosure has no lien upon timber cut during a period antedating the default in the payment of an installment of principal and interest, even though the premises are not adequate security for the mortgage and the mortgagor is insolvent.

The lien of the mortgage, which covered the trees as part of the real estate, ceased to exist when they were cut and became personal property, and cannot be resumed.

*Ensign* v. *Colburn,* 11 Paige, 503, distinguished.

ACTION to foreclose a mortgage.

Dawson D. Dickson, for plaintiff.

Percy S. Landsdowne, for defendant.

SEARS, J. The principal question which requires consideration in this case is whether the plaintiff is entitled to a lien upon the timber which the defendant has cut, but has not removed from the mortgaged premises. The mortgage in question, which was a purchase money mortgage, contained this language: " The mortgagor may cut any or all standing timber upon the premises."

The timber in question was all cut during a period antedating the default upon the mortgage. A very large amount of timber was cut, evidently more than the defendant was able to take care of. It has been allowed to remain upon the premises, and has been

subject to depreciation from the effects of weather and decay. The mortgaged premises are not adequate security for the mortgage and the defendant is insolvent. Nevertheless, I am unable to find in the testimony any evidence of bad faith. The clause quoted above is complete and absolute, and for all that appears when the cutting was done, the officers of the defendant may have thought, and probably did think, that they could have the timber manufactured into lumber and marketed, and the instalments of principal and interest falling due upon the mortgage paid in due course. This being the state of the proof, I feel constrained to hold that no waste was committed by the defendant at the time the cutting was done; that when the trees were cut they became personal property, and that the lien of the mortgage which previously covered them as a part of the real estate ceased to exist in respect to the timber which was cut at the time the timber was cut, and cannot be resumed.

Nor do I find anything in *Ensign* v. *Colburn*, 11 Paige, 503, to the contrary. In that case the cutting was done by one who had no authority under the mortgage to do it, and the opinion specifically lays down the necessity of a finding of bad faith as a prerequisite to injunctive relief against a mortgagor who has such a reserved right to cut timber as in this case. The cases in respect to waste, such as *Van Pelt* v. *McGraw*, 4 N. Y. 110; *Brady* v. *Waldron*, 2 Johns. Ch. 148; *Miles* v. *Fralich*, 11 Hun, 561, and *Ogden Lumber Company* v. *Bussey*, 92 App. Div. 143, are inapplicable, since the reservation in the mortgage, itself, precludes the idea of waste in this case.

If the cutting had occurred after default in the mortgage, the situation would have been different. The reservation of the right to cut the timber might well be construed as limited to a time previous to de-

fault in payment, and, besides, lumbering, after such default, would be evidence of bad faith. Here all lumbering ceased sixty days previous to the date when the instalment of principal and interest fell due. The preliminary injunction in this action was granted *ex parte* upon papers which did not state the provision of the mortgage, which reserved the right to cut the standing timber.

A decision will be signed accordingly.

Ordered accordingly.