[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff ("Novametrix") and the defendant ("BOC"), both Delaware corporations, entered into a Patent License Agreement ("Agreement"), dated June 2, 1989 ("Exhibit A") which is the subject of the plaintiff's two-count complaint. The defendant has a place of business at Murray Hill, New Jersey and the plaintiff has a place of business at Wallingford, Connecticut. The court has jurisdiction pursuant to General Statutes, 33-411, Article VI, Section 6.7 of the Agreement provides that the Agreement shall be interpreted and construed in accordance with the laws of the State of New Jersey. CT Page 7516
The defendant has moved to strike each of the two counts of the complaint pursuant to Section 151 of the Practice Book. The basis of the motion is that neither count states a cause of action upon which relief may be granted. It is difficult to conceive of a reasoned disagreement with that claim. The first count of the complaint recites, in twelve paragraphs, a history of the federal district court action between the parties over a patent dispute. That dispute was resolved in favor of BOC which had sued Navametrix for patent infringement. In accordance with federal rules, the district court directed the parties to submit an agreed form of judgment consistent with the court's decision. And the parties complied. Thereafter, Novametrix, the defendant in the federal action, entered into the Agreement which is before this court. The Agreement contained a clause in which Novametrix agreed to pay BOC an initial royalty fee of $400,000. That clause, reads as follows:
ARTICLE III — PAYMENTS
3.1 On or before July 1, 1989, NOVAMETRIX shall pay to BOC the sum of Four Hundred Thousand Dollars ($400,000.00) which sum shall be non-refundable, but which shall constitute a credit against any' royalties due to BOC pursuant to paragraph 3.3 hereof, or if NOVAMETRIX elects, said payment can be applied as a credit against any award of damages for past infringement as a result of any accounting under the civil action identified in paragraph 6.4 below. Any such election must be made by NOVAMETRIX no later than July 30, 1989."
Plaintiff paid the money, appealed the district court judgment and after prevailing, in part, on appeal, there being a remand to the district court for a finding by that court on the theory of "infringement by equivalence," brought this action and demanded, in paragraph 13 of the first count, that the defendant return the $400,000 royalty payment with interest. In its second count, the plaintiff incorporates by reference the first eleven paragraphs of the first count and then goes on to allege that both parties entered into the Agreement under a mistaken belief; that there was mutual mistake based upon what plaintiff characterizes as "an erroneous decision by the District Court which was later corrected by the Federal Circuit Court of Appeals"; that NOVAMETRIX paid the $400,000 to BOC as a result of the alleged mistake; and, finally, plaintiff demands a recision of the Agreement.
The purpose of the motion to strike is to test the legal sufficiency of the pleadings and therefore all facts well pleaded are admitted. The allegations of the complaint must be given the, same favorable construction as required in admitting evidence under them. See, Greene v. Metals Selling Corporation, 3 Conn. App. 40, CT Page 7517 41 (1984). If the facts provable under the allegations of the complaint can support a cause of action, then the motion to strike must fail. Id.
The complaint, with the Agreement attached thereto as "Exhibit A," must be examined in order to determine whether each count contains a legally sufficient cause of action, assuming the truth of all well-pleaded facts. However, the motion cannot be viewed as admitting legal conclusions or the truth or accuracy of opinions stated in the pleadings. See, Blancato v. Feldspar Corporation, 203 Conn. 34, 37 (1987). Count one of the complaint alleges no cause of action for breach of contract to justify its "demand" for the return of the royalty payment. In giving the allegations of that count every possible favorable construction, clearly, it fails to state any claim for which relief could be granted. Our courts have long recognized the right of parties to a contract to provide that the agreement be interpreted and construed in accordance with the laws of a sister state. Pollack v. Danbury Mfg. Co., 103 Conn. 553, 557 (1925).
The plaintiff, in oral argument at the hearing on the motion to strike, raised a claim that it was forced by the circumstances to enter into the Agreement. The claim of "unconscionability" is not designed to upset the terms of a contract resulting from superior bargaining position, but to prevent oppression and unfair surprise. The principle of denying equitable relief under unconscionable circumstances has long been used by New Jersey courts of equity. See, for example, Emmons v. Hinderer, 24 N.J. Eq. 39
(1873): Reddish v. Miller, Administrator, 25 N.J. Eq. 354, rev'd 27 N.J. Eq. 524 (1875), Hemhouser v. Hemhouser, 110 N.J. Eq. 17,148 A. 762 (1932). That claim was not alleged in the complaint and therefore need not be considered in rendering decision on the motion to strike. Nor is it necessary to consider such a claim where, as here, Connecticut procedural law and rules govern.
Count Two of the complaint alleges "mutual mistake" and demands a recision of the Agreement. Article V, 5 5.4 of the contract gives NOVAMETRIX the unconditional right to terminate the Agreement "any time by giving BOC at least ninety (90) days written notice." No claim is made that the right is in dispute. Assuming that the legal conclusion embraced in its claim of mutual mistake is true, that would not, under New Jersey law, entitle plaintiff to what is its primary if not sole aim in this action: a refund of the royalty payment. First, the allegation of "mutual mistake" contradicts the allegations of the first eleven paragraphs of the second count. Those allegations unequivocally state that the judgment in the federal district court was the catalyst that caused NOVAMETRIX to enter into the Agreement ("Exhibit A") in order to continue producing the patented product. In consideration for the license from BOC, Novametrix paid the CT Page 7518 royalty fee with the right to credit that fee against any award of damages found resulting from the federal court judgment.
Section 6.4, Article VI, of the Agreement provides a further consideration that, notwithstanding the injunction effective upon entry of the federal court judgment, NOVAMETRIX'S production of the product pursuant to the terms of the contract would not be deemed a violation of the injunction. Section 6.5 of Article VI states, in part: "Nothing in this agreement shall be construed as an admission by NOVAMETRIX that the terms hereof are commercially reasonable." Nothing in the Agreement prohibits either party from further pursuing their legal remedies regarding the federal court judgment. In, Beachcomber Coins, Inc. v. Boskett, 400 A.2d 78, 80
(N.J. Superior Ct. App. Div., 1979,) the court, accepting the Restatement, Contracts 502, as the law of New Jersey, agreed that assumption of risk would bar a right to rescission of a contract based upon a claim of mutual mistake. The court cited the rule:
 "Where the parties know that there is doubt in regard to a certain matter and contract on that assumption, the contract is not rendered voidable because one is disappointed in the hope that the facts accord with his wishes. The risk of the existence of the doubtful fact is then assumed as one of the elements of the bargain. [Restatement, op. cit. 502, Comment f at 964. See also Restatement, Contracts 2d, op. cit., 296(b), Comment c at 4.]
The court held that in order for the ". . . rule to apply, the parties must be conscious that the pertinent fact may not be true and make their agreement at the risk of that possibility." A trial court decision was reversed because the Appellate Division found the evidence established ". . . a classic case of rescission for mutual mistake of fact." The appellate court again turned to, the Restatement, Contracts, 502 at 961 (1932) for the general rule:
 ". . . where parties on entering into a transaction that affects their contractual relations are both under a mistake regarding a fact assumed by them as the basis on which they entered into the transaction, it is voidable by either party if enforcement of it would be materially more onerous to him than it would have been as the parties believed it to be."
The appellate court noted that no substantial change in the rule was made by Restatement, Contracts 2d 294(1), Tent. Dr. No. 10 (1975) at 10, which stated: CT Page 7519
 (1) Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performance, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in 296.
NOVAMETRIX got what it bargained for and New Jersey law affords it no relief by its characterization of the district court judgment as a "mutual mistake." In order to continue producing the oximeter while appealing the district court judgment, the company entered into the Agreement, thereby assuming the risk of prevailing on the appeal and not being refunded the royalty payment.
The motion to strike is granted.
BY THE COURT:
LEANDER C. GRAY, JUDGE.